Bessie ZARAS, Appellant,

v.

George ZARAS, Appellee.

No. 3335.

District of Columbia Court of Appeals.

Argued Oct. 28, 1963.

Decided Dec. 12, 1963.

Edward L. Genn, Washington, D. C., for appellant.

Achilles Catsonis, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by the wife for custody of the children, a reasonable amount for their support, and a restraining order to prevent the husband from harassing, molesting, or otherwise disturbing her. Judgment was entered in the wife's favor. Thereafter the wife filed a motion to amend or strike certain parts of the trial court's memorandum opinion, findings of fact and conclusions of law. After a hearing the wife's motion was granted in part. She has appealed from that portion of her motion which was denied.

Specifically, the wife attacks the concluding paragraph in the memorandum opinion and finding of fact No. 6. These read as follows:

"Plaintiff herself, according to the testimony, falls rather short of being a dutiful wife and mother. Her attentions to other men and the situations in which she permitted herself to become involved led to a felonious assault on one of her male friends by her husband, the defendant here. Plaintiff actually claims no support for herself but the children should not be penalized. By the same token defendant ought not to be allowed to escape his obligations by deliberately attempting to put himself in a position of insolvency.

\* \* \* \* \* \*

"6. Plaintiff's conduct has been of a cruel nature."

The wife contends that the above paragraph and finding are extraneous to the issues in the case as framed by the pleadings. She asserts they are prejudicial in that they will operate as a bar to any claim she might have for divorce or her own support.

We find no error in the concluding paragraph of the trial court's memorandum opinion. The wife's complaint sought custody and a restraining order against the husband. In determining whether the best interests of the children would be served by awarding custody to the wife, it was necessary to inquire into her conduct and her relationship with the children. Similarly, in determining whether to issue a restraining order, it was necessary to inquire into several specific instances of misconduct charged by the parties. By discussing these questions, the trial court properly dealt with issues raised by the pleadings.

Finding of fact No. 6 originally read: "Plaintiff's conduct has been of such a cruel nature as to deprive her of her right to maintenance." By striking the words "as to deprive her of her right to maintenance," the trial court recognized that this issue was not in the case. Nevertheless, the first phrase in the sentence was directly related to the second, and both should have been struck. As it now stands, the finding is susceptible of a much broader interpretation prejudicial to the wife in any subsequent action between the parties. It is not a find-

ing which can be related to any of the issues as framed by the pleadings.

The judgment will be modified by deleting finding No. 6.

It is so ordered.